J-A10014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES EVERETT | : | |
| | : | |
| Appellant | : | No. 1947 EDA 2023 |

Appeal from the PCRA Order Entered June 23, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0100251-1986

BEFORE: PANELLA, P.J.E., BECK, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:      **FILED MAY 24, 2024**

James Everett appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas on June 23, 2023, dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Because we agree with the PCRA court that Everett's petition was untimely and he failed to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's order denying the PCRA petition.

Due to our disposition, the underlying facts of Everett's conviction are not relevant to this appeal. Briefly, on April 6, 1987, a jury convicted Everett of first-degree murder and possessing an instrument of crime ("PIC"). After denying Everett's post-verdict motions, the trial court imposed a sentence of

_____

[*] Retired Senior Judge assigned to the Superior Court.

life imprisonment for first-degree murder and concurrent sentences of two and one-half to five years' incarceration for PIC. We affirmed the judgment of sentence on direct appeal. **See Commonwealth v. Everett**, 555 A.2d 244 (Pa. Super. 1988). Everett did not seek review with our Supreme Court.

Over the next few decades, Everett filed unsuccessful PCRA petitions in 1990, 1995, 1998, 2005, 2010, 2012, and 2017. Everett also filed a *pro se* petition for writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. The denial of his petition was affirmed by the Third Circuit Court of Appeals in October 1995.

Everett filed a *pro se* motion dated August 1, 2022, and filed on August 5, 2022, in which he claimed his life sentence is illegal because it was imposed without statutory authorization. **See** Plaintiff/Petitioners Pro Se Motion to the President Judge for Extraordinary Relief, To Vacate An Illegal/Unlawful Sentence of Life Imprisonment (Nunc Pro Tunc), at 2. Everett further raised claims of ineffective assistance of all prior counsel. **See id**. at 6. Because Everett raised claims which are remedial under the PCRA, the trial court correctly reviewed them pursuant to the PCRA. The PCRA is intended to be the sole means of achieving post-conviction relief. The PCRA subsumes claims

cognizable under the PCRA. **See Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013).[1]

Everett subsequently filed a motion to supplement his PCRA petition on December 28, 2022, followed by a motion to amend the supplemental petition, filed on January 24, 2023, in which he asserted claims of newly discovered evidence and governmental interference related to allegedly perjured trial testimony. **See** Motion to Supplement PCRA Petition, 12/28/22; **see also** Motion to Amend PCRA Petition, 1/24/23.

The PCRA court determined that Everett's initial petition filed on August 5, 2022, was untimely, and that he had not pled and proved an exception to the time bar. As such, the court issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss his petition, and subsequently dismissed his petition as untimely. The PCRA court also addressed the later motions' claims of newly discovered evidence and governmental interference and found them to be lacking in merit and time barred. This timely appeal followed.

Prior to reaching the merits of Everett's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the

---

[1] Furthermore, a petitioner cannot escape the PCRA time-bar by titling a petition as something other than a request for PCRA relief. **See Taylor**, 65 A.3d at 465.

three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Everett's judgment of sentence became final in 1988. The instant petition – filed over thirty years later – is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Everett's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[E]xceptions to the time-bar must be pled in the … petition, and may not be raised for the first time on appeal."

*Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (citations omitted); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citation omitted).

Even liberally construed, Everett has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In fact, Everett failed to plead and prove any exception to the time-bar in his petition.

Everett argued in his August 5, 2022 petition that his sentence of life imprisonment lacked a valid statutory basis at the time it was imposed. However, he failed to connect this claim to any of the time-bar exceptions. Everett's attempt to couch his claims in terms of ineffective assistance of counsel also fails to overcome the PCRA time-bar. *See Commonwealth v. Gamboa–Taylor,* 753 A.2d 780, 785 (Pa. 2000) ("[C]laim [of] ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits.") (citations omitted).

Turning to Everett's claims of suborned perjury, we begin by noting that he did not raise these assertions in his initial August 5, 2022 petition. After a review of the record, it appears Everett raised the substantive issue of suborned perjury for the first time in an "Application for Immediate Hearing on the Plaintiff/Petitioner's Motion for Extraordinary Relief," filed on the same date as his PCRA petition. In the application, Everett boldly stated that his first-degree murder conviction was based on out-of-court hearsay, perjury, and prosecutorial misconduct, without any further explanation. Everett failed to develop these claims in his petition. Everett did not provide any specific instance of impropriety or provide any support for these allegations. Specifically, he does not allege what statements constituted hearsay or perjury and does not indicate any specific instances of prosecutorial misconduct.

Everett then attempted to raise the substantive issue of suborned perjury in his December 28, 2022 motion to supplement his PCRA petition. Notably, he did not acknowledge or address a time-bar exception until his January 24, 2023 motion to amend the PCRA petition, in which he attempted to assert claims of governmental interference and newly-discovered fact. However, there is no indication in the record or the PCRA court dockets that the PCRA court granted Everett leave to supplement or amend the PCRA petition. Everett's claims fail for this reason alone. **_See Commonwealth v. Mason_**, 130 A.3d 601, 627 (Pa. 2015).

Even if the PCRA court had granted leave to file a supplemental or amended petition, we observe that the PCRA court correctly rejected the suborned perjury claim as a basis for an exception to the time-bar.

Everett asserted that his claims of suborned perjury met the governmental interference, 42 Pa.C.S.A. § 9545(b)(1)(i), and newly discovered fact, 42 Pa.C.S.A. § 9545(b)(1)(ii), exceptions to the PCRA time-bar. However, Everett did not include allegations or factual averments identifying when he learned of the suborned perjury. He simply states that he "recently" acquired the transcript of the preliminary hearing testimony. He now claims that a family member acquired a transcript of the preliminary hearing but the "statements of witnesses Mrs. Bernice Bryant and M/S Deborah Johnson" are missing from "the certified record." He attached nothing to his petitions to support this claim. Although Everett makes an unsubstantiated claim that certain transcripts from his preliminary hearing were "in fact destroyed," to the contrary, the record includes a statement from the trial court that all the transcripts from his trial and preliminary hearing are part of the Common Pleas Court record, and that only the Municipal Court records are destroyed after a certain number of years. Everett attached to his motion a copy of what appears to be the transcript of the testimony of Joanne Miller from the preliminary hearing. In this transcript, Joanne Miller testified that she was an eyewitness and saw Everett stab the victim.

In support of his claim of perjured testimony, Everett attached affidavits from family members which are dated from 1998, 2000, and 2002. These affidavits are clearly not "newly discovered." All of the affidavits refer to the testimony given by Bernice Bryant at the preliminary hearing, not the trial, and nearly all state that the family members were never contacted by counsel for Everett to testify on his behalf. The first affidavit is from Skye Johnson and is dated July 6, 1998. The second affidavit is from Isiah Johnson and is dated October 22, 2002. The third affidavit is from Stephen Cain and is dated October 28, 2002. The fourth affidavit is from James Everett, the father of Everett, and is dated July 6, 1998. The next affidavit is also from James Everett, is extremely similar to the earlier affidavit by him, and is dated May 6, 2002. The next affidavit is from Julia Everett, Everett's mother, and is dated October 22, 2002. A second affidavit from Julia Everett is dated May 6, 2005. Three affidavits from Donna Bond were attached, dated August 22, 1998, November 30, 2000, and October 29, 2002. The last affidavit is from Sondra Johnson and is dated November 30, 2000.

All of these affidavits are more than twenty years old. The affidavits of Stephen Cain, Isiah Johnson, James Everett, and Julia Everett were attached to Everett's *pro se* PCRA petition filed on May 21, 2012. It is well established that to qualify under the newly discovered fact exception to the PCRA's time-bar, not only must the petitioner file a PCRA petition within one year of

learning new information, ***see*** 42 Pa.C.S.A. § 9545(b)(2), but his petition must also:

> allege and prove that there were "facts" that were "unknown to him" and that he could not have ascertained those facts by the exercise of due diligence.

***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation and some quotation marks omitted). Notably, the focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Id.***; ***see also Commonwealth v. Abu–Jamal,*** 941 A.2d 1263, 1269 (Pa. 2008) (holding that the discovery of "yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)"). Further, the statute requires the PCRA petition to specifically "explain why [the petitioner] could not have obtained the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010). This provision is "strictly enforced." ***Id.***

Everett also does not explain what governmental interference occurred over the last two decades that prevented him from learning of this alleged information. In fact, Everett knew of these affidavits as well as his contention of perjury by Bernice Bryant. Under these circumstances, even if Everett had filed a cognizable supplemental or amended petition, his claims of suborned perjury would not qualify as an exception to the time-bar.

Accordingly, because Everett has not satisfied an exception to the PCRA's jurisdictional time-bar, the PCRA court did not err in finding Everett's petition untimely. We therefore affirm the PCRA court's order dismissing the PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/24/2024